**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Satish Emrit,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Access Rx, et al.,<br><br>　　　　　　　Defendants. | No. CV-15-00936-PHX-DGC<br><br>**ORDER** |

Plaintiff Ronald Satish Emrit filed a complaint against Defendants Access Rx, Kwikmed.com, Humana, Inc., and Pfizer, Inc. Doc. 1. Plaintiff also filed an application to proceed in forma pauperis ("IFP") (Doc. 2), a motion to compel discovery (Doc. 4), a motion to subpoena witnesses (Doc. 5), a motion to request the mailing of two USM-285 forms to Plaintiff (Doc. 6), a motion to set trial and an expedited preliminary hearing (Doc. 7), and a motion to appoint pro bono counsel (Doc. 8). The Court will deny Plaintiff's application for IFP status, screen Plaintiff's complaint and dismiss it for failure to state a claim, and deny Plaintiff's remaining motions as moot.

**I.   Application for IFP Status.**

Plaintiff filed an application to proceed IFP. Doc. 2. The application form used by Plaintiff is a form to be used by a prisoner in a civil case. Plaintiff clearly states on the application that he has "never been incarcerated." *Id.* at 1. Because Plaintiff has used an improper form requesting IFP status, the Court will deny Plaintiff's application. The Court directs Plaintiff's attention to the fee waiver application forms on the District of Arizona's website, particularly forms AO 239 and AO 240.

**II.     Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii). Although much of section 1915 concerns prisoner litigation, section 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[ ] sua sponte . . . a complaint that fails to state a claim . . . ." *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (quotation and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

### III. Plaintiff's Complaint.

Plaintiff filed his three-count complaint on May 26, 2015, against Defendants Access Rx, Kwikmed.com, Humana, Inc., and Pfizer, Inc. Doc. 1. In count one, Plaintiff asserts claims for products liability, negligence, and breach of contract. *Id.* at 3. In count two, Plaintiff claims that Defendants violated his constitutional rights, alleging equal protection, due process, and privileges and immunities violations. *Id.* at 4. In count three, Plaintiff asserts violations of various federal regulatory schemes, including the Federal Food, Drug, and Cosmetic Act; the Americans with Disabilities Act; the Health Insurance Portability and Accountability Act; and the Patient Protection and Affordable Care Act. *Id.* at 5. Plaintiff seeks injunctive relief and $100,000 in "punitive, compensatory, and treble damages." *Id.* at 6. The Court will dismiss Plaintiff's complaint without prejudice, and allow Plaintiff leave to file an amended complaint.

### A. Count I.

Plaintiff generally alleges in count one that Defendants have committed a "design defect (products liability) and negligence and material breach of contract." Doc. 1 at 3. Count one is, in essence, two separate claims. First, Plaintiff seeks to ensure "that the pharmacies will make Viagra/Sildenafil and Cialis available for purchase through the 'Extra Help' prescription coverage plan provided by Humana, Inc. and Medicare/Medicaid." *Id.* Construing these allegations liberally, Plaintiff appears to be asserting a breach of contract claim. Second, Plaintiff alleges that he was injured as a result of being "embarrassed and distressed because he was unable to engage in a romantic encounter" with a partner "due to the design defect . . . arising from a change in stereochemistry of Viagra." *Id.* This is a design defect products liability claim. Because they rely upon different substantive law, the Court will consider each claim separately.

A plaintiff who wishes to prove a breach of contract must first prove the existence of a contract. "A contract is a promise or set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." Restatement (Second) of Contracts § 1. "When performance of a duty under a contract is

- 3 -

1 due, any non-performance is a breach." *Id.* § 235(2). Plaintiff refers to several
2 documents that might evidence the existence of a contract and contain its terms, but these
3 documents are not linked to individual Defendants. Plaintiff instead alleges that they
4 originate from "Humana, Inc., AETNA, and Wellcare." Doc. 1 at 3. Although this claim
5 appears to be primarily directed at Defendant Humana, Plaintiff has not provided
6 sufficient factual detail to determine whether a contract exists. Even if Plaintiff passed
7 this initial hurdle, he has likewise failed to allege sufficient detail to determine the law
8 governing the contract, the terms of the contract, and whether the contract was breached.
9 Because Plaintiff has failed to plead enough facts to state a claim to relief that is plausible
10 on its face, the Court must dismiss this claim. *Clemens*, 534 F.3d at 1022 (citing
11 *Twombly*, 550 U.S. at 570).

12 Products liability claims typically involve one of three product defects: design
13 defects, manufacturing defects, or labeling defects. *Bruesewitz v. Wyeth LLC*, 562 U.S.
14 223, 251 (2011); *see also* Restatement (Third) of Torts: Products Liability § 2. A product
15 has a design defect "when the foreseeable risks of harm posed by the product could have
16 been reduced or avoided by the adoption of a reasonable alternative design by the seller
17 or other distributor . . . and the omission of the alternative design renders the product not
18 reasonably safe." Restatement (Third) of Torts: Products Liability § 2(b). Plaintiff
19 claims that "[n]either the Viagra nor the Cialis worked" when he attempted to use them
20 with a romantic partner. Doc. 1 at 3. Plaintiff argues that the dosage was too low
21 because "Pfizer changed the stereochemistry of Viagra/Sildenafil." *Id.* Plaintiff alleges
22 emotional distress as a result. *Id.*

23 Plaintiff has failed to allege sufficient facts identifying a reasonable alternative
24 design that could have prevented his alleged emotional harm. This is an integral
25 component of a design defect claim. Restatement (Third) of Torts: Products Liability
26 § 2(b). Because Plaintiff has failed to plead enough facts to state a claim to relief that is
27 plausible on its face, the Court must dismiss this claim. *Clemens*, 534 F.3d at 1022
28 (citing *Twombly*, 550 U.S. at 570). The Court therefore dismisses count one.

### B. Count II.

The Fourteenth Amendment protects individuals from deprivations of their constitutional rights by state actors. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). The Fourteenth Amendment also applies to private action when "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). The Fifth Amendment requires either federal government action or private action with a nexus to the federal government. *See Pub. Utils. Comm'n of D.C. v. Pollak*, 343 U.S. 451, 462-63 (1952). Plaintiff argues that Defendants are "state actors or quasi-governmental agencies because of the fact that they are supposed to work with Medicare/Medicaid and the Social Security Administration." Doc. 1 at 4. Plaintiff's bald assertion that Defendants are state actors based on their tenuous connection to federal agencies is insufficient to "'state a claim to relief that is plausible on its face.'" *Clemens*, 534 F.3d at 1022 (citing *Twombly*, 550 U.S. at 570). The Court therefore dismisses count two.

### C. Count III.

Plaintiff asserts violations of various federal regulatory schemes, including the Federal Food, Drug, and Cosmetic Act; the Americans with Disabilities Act; the Health Insurance Portability and Accountability Act; and the Patient Protection and Affordable Care Act. Doc. 1 at 5. Plaintiff argues that Defendants have violated these schemes by "failing to make Viagra/Sildenafil or Cialis available for purchase through 'Extra Help' prescription coverage provided by Humana, Inc. and/or Medicare/Medicaid." *Id.* Other than passing references to the regulatory schemes, Plaintiff has failed to allege any facts indicating that Defendants had a duty to provide these medications under the specified plan. Because Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face, the Court must dismiss this claim. *Clemens*, 534 F.3d at 1022 (citing *Twombly*, 550 U.S. at 570). The Court therefore dismisses count three.

**IV.    Leave to Amend and Plaintiff's Obligations.**

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation and citations omitted).  The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint.  The Court notes that Plaintiff is a frequent litigator, having filed cases in numerous jurisdictions across the country.  Plaintiff appears to engage in abusive tactics, such as filing voluminous, frivolous motions.  Plaintiff is barred, as a vexatious litigant, from filing new actions without permission in at least two districts in the United States – the District of Nevada and the Western District of Texas.

Plaintiff is on his way to becoming a vexatious litigant in the District of Arizona.  Plaintiff has already had one frivolous case dismissed in this District.  *See Emrit v. Anthem Claim Mgmt. Inc.*, No. 14-cv-02281-PHX-ROS (D. Ariz. Oct. 23, 2014) (Doc. 17).  In that case, the court certified that an appeal would be frivolous and not taken in good faith.  *Id.* (Doc. 29).   Undeterred, Plaintiff appealed, and the Ninth Circuit agreed with the lower court's determination that the appeal was frivolous.  *Id.* (Doc. 33).  Plaintiff has another case pending in this District, although that court has not yet screened Plaintiff's complaint nor ruled on his IFP application.  *See Emrit v. Ariz. Supreme Ct.*, No. 15-cv-01718-PHX-ESW (D. Ariz. Aug. 26, 2015).  And in this case, Plaintiff filed one motion the day the case was opened and five motions a week later.  Most of Plaintiff's motions are frivolous or fail to comply with the applicable procedural rules.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Arizona, which may be obtained in the Clerk of Court's office.  For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 556 U.S. at 677. If Plaintiff chooses to file an amended complaint asserting constitutional violations, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. Such factual allegations must provide enough information to "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Id.* at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

## V. Appointment of Counsel.

There is no constitutional right to appointed counsel in a civil case. *See United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). "Neither of these factors is

dispositive and both must be viewed together before reaching a decision on request of counsel" under section 1915(e)(1). *Wilborn*, 789 F.2d at 1331.

Plaintiff has failed to demonstrate a likelihood of success on the merits. Further, Plaintiff has failed to show that he is experiencing any difficulty in attempting to litigate his case because of the complexity of the issues involved. Plaintiff does state that he is unable to afford an attorney because he is "indigent, disabled, and unemployed." Doc. 8 at 1. Plaintiff has alleged no facts indicating an exceptional need for the assistance of counsel in prosecuting his case. Accordingly, at the present time, this case does not present "exceptional circumstances" requiring the appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (holding that district court did not abuse its discretion by refusing to appoint counsel where the plaintiff had sufficient writing ability and legal knowledge to articulate his claim, the facts alleged and issues raised were not of substantial complexity, and it was not likely that he would succeed on the merits).

**IT IS ORDERED:**

1. Plaintiff's application for IFP status (Doc. 2) is **denied**.
2. Plaintiff's complaint (Doc. 1) is **dismissed without prejudice**. Plaintiff shall have until **November 20, 2015** to file an amended complaint.
3. Plaintiff's motion to appoint pro bono counsel (Doc. 8) is **denied**.
4. Plaintiff's remaining motions (Docs. 4, 5, 6, 7) are **denied as moot**.
5. The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file an amended complaint by **November 20, 2015**.

Dated this 2nd day of November, 2015.

David G. Campbell
United States District Judge